Case 4:23-cv-04596   Document 29   Filed on 05/13/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE BENJAMIN FUENTES,<br>    Plaintiff, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04596 |
| LOWE'S HOME CENTERS, LLC,<br>    Defendant. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Summary Judgment filed by Defendant Lowe's Home Centers, LLC. (Dkt. 24). After carefully reviewing the motion, the summary judgment record, and the applicable law, the Court finds that the Motion (Dkt. 24) should be **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff Jose Benjamin Fuentes ("Fuentes") entered one of Defendant Lowe's Home Centers, LLC's ("Lowe's") stores to purchase items and have some glass cut. (Dkt. 24 at p. 7). As Fuentes walked to an aisle, he slipped and fell. *Id*. Fuentes explained that the floor was "too glazed" and had a stain where he had fallen. (Dkt. 24-1 at pp. 21 – 22). Employees had been standing around in the area where Fuentes fell and, after the fall, one of the employees took a report from Fuentes. (*Id*. at p. 21).

Fuentes brings a claim for premises liability against Lowe's, alleging that Lowe's breached its duty of reasonable care in the operation and maintenance of its store. (Dkt. 24-

1 at p. 5). Lowe's then filed a Motion for Summary Judgment, arguing that no genuine issue exists as to Fuentes's claim. (Dkt. 24). Fuentes did not respond to this motion.

## II.   LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can prevail on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Summary judgment may not be awarded by default simply because there is no opposition. *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

## III. ANALYSIS

The Court finds that no genuine issue exists as to Fuentes's premises liability claim. To prevail on a premises-liability claim under Texas law, a plaintiff must establish that: (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the property owner did not exercise reasonable care to reduce or eliminate the unreasonably dangerous condition; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused the invitee's[1] injuries. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). Lowe's argues, among other things, that Fuentes has not provided evidence to establish a genuine issue as to whether Lowe's had actual or constructive notice of a dangerous condition on the premises.[2] (Dkt. 24 at pp. 12). The Court agrees.

The existence of actual or constructive notice of a premises defect is a threshold requirement in a premises liability case. *Henkel v. Normal*, 441 S.W.3d 249, 251 (Tex. 2014). To satisfy the notice element, a plaintiff must establish that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give

---

[1] Fuentes qualifies as an invitee on Lowe's premises because he entered the store as a shopper. *See Huffman v. Wal-Mart Stores Tex., LLC*, No. 3:23-cv-2302-L, 2024 U.S. Dist. LEXIS 161692, at *14 (N.D. Tex. Aug. 19, 2024) (Plaintiff "was an invitee at the time of the incident because she was a shopper.").

[2] Lowe's also argues that Fuentes has not established a genuine issue as to whether any dangerous condition did exist. (Dkt. 24 at pp. 9 – 12). The Court assumes without finding that such a condition existed in order to assess the notice element of Fuentes's premises liability claim.

the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

The Court finds that no genuine issue exists as to whether Lowe's had actual notice. Fuentes has not presented any evidence that Lowe's placed a substance on the floor. Fuentes has similarly failed to demonstrate that Lowe's actually knew that a substance was on the floor. Therefore, to defeat this summary judgment motion, Fuentes's evidence must create a genuine issue as to whether Lowe's had constructive notice.

Before a premises owner may be charged with constructive notice, proof that a dangerous condition existed for some length of time must be proffered. *Reece*, 81 S.W.3d at 815. This so-called "time-notice rule" is "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id*. at 816. "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Hensley v. Wal-Mart Stores Inc.*, 290 Fed. Appx. 742, 745 (5th Cir. 2008) (quoting *Reece*, 81 S.W.3d at 816) (internal quotations omitted). The Supreme Court of Texas has explained that an employee's proximity to the condition does not nullify the time-notice rule:

> "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."

*Reece*, 81 S.W.3d at 816 (emphasis in original).

The summary judgment evidence before the Court demonstrates that Lowe's employees were in the area when Fuentes fell. (Dkt. 24-1 at pp. 21 – 22). However, Fuentes did not indicate when or for how long the employees stood at the site of the incident. (*Id*. at p. 22). Under Texas law, this evidence is insufficient to present a genuine issue as to whether the condition existed long enough for Lowe's to have had a reasonable opportunity to discover it.

The Court holds that, in the absence of any temporal evidence, this record does not create a genuine issue as to Lowe's constructive notice of the condition. Accordingly, there is no genuine issue as to Fuentes's premises liability claim, and the Court must grant the summary judgment motion.

## IV.   CONCLUSION

The Court finds that no genuine issue exists as to Fuentes's premises liability claim. As such, the Court **GRANTS** the motion (Dkt. 24) and **DISMISSES** Fuentes's claim against Lowe's. Final judgment is to follow.

SIGNED at Houston, Texas on May 13, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE